# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE                                          NEWS RELEASE #035

FROM: CLERK OF SUPREME COURT OF LOUISIANA


The Opinions handed down on the **1st day of July, 2014**, are as follows:


**PER CURIAM**:


2013-C -2982      STATE OF LOUISIANA v. LEONARD CARDENAS, III (Parish of E. Baton Rouge)

We express no opinion here whether respondent may be entitled to expungement of his record of arrest and conviction for domestic abuse battery under this latest expression of legislative will. DECISION OF THE FIRST CIRCUIT REVERSED; ORDERS OF EXPUNGEMENT VACATED.

HUGHES, J., dissents and would deny the application and affirm the decisions of the lower courts.

SUPREME COURT OF LOUISIANA

NO. 13-C-2982

STATE OF LOUISIANA

V.

LEONARD CARDENAS, III

On Writ of Certiorari to the
First Circuit Court of Appeal, Parish of East Baton Rouge

**PER CURIAM:**

We granted the state's application to review the decision of the First Circuit affirming the district court's order of expungement entered in respondent's case following the court's set aside of his misdemeanor conviction and sentence for domestic abuse battery with child endangerment in violation of La.R.S.14:35.3(I), and dismissal of the prosecution under La.C.Cr.P. art. 894. The district court entered the order, and the court of appeal affirmed, notwithstanding La.R.S. 44:9(A)(5)(b), which provides that "[n]o person shall be entitled to an expungement if the misdemeanor conviction arose from circumstances involving a sexual act or act of domestic violence." For reasons that follow, we reverse the decision of the court of appeal and vacate the expungement order under the law as it currently exists.

In September 2006, the state charged respondent with domestic abuse battery involving an incident with his wife that occurred on July 19, 2006 in the presence of their minor child. A bench trial took place on April 4, 2007, and the court found respondent guilty as charged. The court sentenced him to six months

imprisonment, suspended all but 60 days of that term, directed home incarceration for the executory portion of the sentence, and imposed one year of active probation with a variety of special conditions. The trial court terminated the probation as successfully completed on May 19, 2010. Thereafter, defendant filed a motion to reconsider sentence in which he requested that the court set aside his conviction and dismiss the prosecution under La.C.Cr.P. art. 894. The court granted the motion over the state's objection on May 18, 2011. Respondent then filed an Expungement Form on July 28, 2011, seeking to expunge his arrest and conviction record for domestic abuse battery with child endangerment. The district court granted the motion on August 23, 2011 and directed counsel to prepare the order of expungement. Two such orders appear in the record. The first, dated September 5, 2012, and apparently stamped with the judge's signature, directs the named parties to "expunge any and all public records of the arrest and disposition . . . the date of arrest being on or about July 19, 2006, and the disposition of these charges namely, **DOMESTIC ABUSE BATTERY WITH CHILD ENDANGERMENT (MISDEMEANOR)."** The second, dated September 17, 2012, drafted by counsel and signed by the judge, directs the named parties to expunge only the record of respondent's arrest on July 19, 2006.

The state appealed to the First Circuit, arguing that the district court had erred as an initial matter by granting respondent's motion to reconsider sentence after he finished serving it and setting aside his conviction, and then in ordering expungement of the records relating to the prosecution in apparent complete disregard of La.R.S. 44:9(A)(5)(b). In a split-panel decision, the First Circuit declined to revisit the district court's judgment granting respondent's motion to reconsider sentence and affirmed the court's expungement order. <u>State v.</u>

2

Cardenas, 13-0509 (La. App. 1 Cir. 11/26/13) (unpub'd).[1] The majority conceded at the outset that Louisiana's expungement law is convoluted and confusing. Cardenas, 13-0509 at 7 ("'Our observation that the clarity of these laws, as amended, leaves much to be desired.'") (quoting State v. Savoie, 92-1586, p. 2 (La. 5/23/94), 637 So.2d 408, 409). The majority nevertheless divided expungement of misdemeanor arrest and/or conviction records into three general categories: (1) R.S. 44:9(E)(3)(a) applies to the expungement or destruction of conviction records in misdemeanor prosecutions that are dismissed pursuant to La.C.Cr.P. art. 894(B); (2) R.S. 44:9(A)(1)(b) applies to the expungement of arrest records when a misdemeanor prosecution has been instituted "and such proceedings have been

---

[1] With regard to misdemeanor convictions, La.C.Cr.P. art. 894(A)(1) permits a trial court to suspend the imposition or execution of sentence and place the defendant on active or inactive probation. When imposition of sentence has been deferred, La.C.Cr.P. art. 894(B)(1) provides that if the court finds "at the conclusion of the period of deferral that the defendant has not been convicted of any other offense during the period of the deferred sentence, and that no criminal charge is pending against him, the court may set the conviction aside and dismiss the prosecution."

In the present case, the trial court did not defer the imposition of sentence but suspended execution of all but 60 days of the six-month sentence imposed. The option of setting aside the conviction and dismissing the prosecution would ordinarily not be available under that circumstance, but in its written judgment, dated April 27, 2011, granting respondent's motion to reconsider sentence, the court adverted to La.C.Cr.P. art. 881.1(A)(2) which provides that in misdemeanor cases, a defendant may move to reconsider sentence at any time "following commencement or execution of such sentence" and the court may "grant the motion and amend the sentence, even following completion of execution of the sentence, to impose a lesser sentence which could lawfully have been imposed." On the premise that a deferred sentence as a matter of La.C.Cr.P. art. 894(A)(1) is a lesser sentence for purposes of La.C.Cr.P. art. 881.1(A)(2), the district court vacated defendant's original sentence and deferred imposition of sentence under the same terms of probation as originally imposed. Respondent had successfully fulfilled those conditions and the court accordingly set aside his conviction and dismissed the prosecution under La.C.Cr.P. art. 894(B)(1). The court acknowledged that when domestic abuse battery involves child endangerment, the minimum mandatory term of imprisonment for a first offense "shall be served without benefit of parole, probation, or suspension of sentence." R.S. 14:35.3(C). The court further noted, however, that when the legislature intends to eliminate deferral of sentence as an option, it does so expressly. See, e.g., La.R.S. 14:80(D)(1) (in cases of felony carnal knowledge of a juvenile, "the defendant shall not be eligible to have his conviction set aside or his prosecution dismissed in accordance with the provisions of Code of Criminal Procedure Article 893."). No such restriction exists in R.S. 14:35.3 and after noting the salutary effects of the law for those offenders able to complete a probationary term successfully, the court found "no basis in law or in fact" for denying the motion to reconsider.

The First Circuit declined to review the merits of the court's judgment in this respect because the state, although objecting at the time, did not timely seek review and the judgment therefore became final before the state appealed from the subsequent order of expungement. Cardenas, 13-0509 at 4-5. Thus, the only issues properly before this Court are those raised by the district court's order of expungement.

finally disposed of by dismissal, sustaining of a motion to quash, or acquittal;" and (3) R.S. 44:9(A)(5) governs expungement of arrest records in cases in which the movant has been convicted of a misdemeanor, "if five or more years [have] elapsed between the date of the motion and the successful completion of any sentence, deferred adjudication, or period of probation or parole." Cardenas, 13-0509 at 10.[2]

For the court of appeal majority, the rule of statutory interpretation that the specific governs over the general, id. at 9 (citing Corbello v. Sutton, 446 So.2d 301(La. 1984)), meant that respondent's case, in which he "sought expungement of his **arrest** record", id. at 6, fell in either the first or second categories to the exclusion of the third category because "[t]he present case [did] not involve a situation in which the defendant has waited five years since the serving of his sentence or probation to seek expungement." Cardenas, 13-0509 at 11. To this extent, R.S. 44:9(A)(1)(b) and (E)(3)(a) were "more directly applicable to the present situation and [they] have no limitation on domestic violence cases being ineligible for expungement." Id. The upshot for the majority was that, given the remedial purposes of the law, State v. Boniface, 369 So. 2d 115, 116 (La. 1979) ("R.S. 44:9 was designed to protect individuals from future harassment and embarrassment by virtue of a criminal record . . . . Remedial statutes are liberally

---

[2] Current Louisiana expungement law distinguishes between the expungement and destruction of arrest or conviction records. As specifically defined, expungement "means removal of a record from public access but does not mean destruction of the record." La.R.S. 44:9(G). Thus, while La.R.S. 44:9(E)(3)(a) permits a court to expunge or destroy the record of conviction in a misdemeanor case that has been dismissed pursuant to La.C.Cr.P. art. 894, it expressly provides that a court may not order the destruction of the record for first or second offense D.W.I. The legislature does not, however, consistently adhere to the distinction. While La. R.S. 44:9(A)(1) provides for the expungement of arrest records under the circumstances defined in (1)(a) and (1)(b), (A)(2) states that "[i]f the court finds that the mover is entitled to the relief sought as authorized by this Subsection, it shall order all agencies and law enforcement offices having any record of the arrest . . .. to destroy any record of arrest . . . ." (emphasis added). La.R.S. 44:9(A)(2) excludes from its compass only the destruction of arrest records for first or second offense D.W.I., consistent with the identical exclusion in (E)(3)(a). Thus, while La.R.S. 44:9(A)(1) addresses expungement of arrest records, (A)(2) expressly authorizes their destruction in all but D.W.I. misdemeanor cases. In the 2014 comprehensive revision (see text, infra), Louisiana law will consistently provide for expungement only of arrest and conviction records, not their destruction in any case.

4

construed to suppress the evil and to advance the remedy.") (citation and footnote omitted), "the trial court correctly granted defendant's expungement of his arrest record pursuant to La.R.S. 44:9(A)(1)." Cardenas, 13-0509 at 11. The premise for the conclusion is that a set aside of a conviction and dismissal of the prosecution which "shall have the same effect as an acquittal" as a matter of La.C.Cr.P. art. 894(B)(2), is an acquittal for purposes of La.R.S. 44:9(A)(1)(b) governing expungement of arrest records in cases in which there has been a "dismissal, sustaining of a motion to quash, or acquittal."

Judge Guidry dissented. In his view, the majority had the case backwards when discussing its preference for the specific over the general. The general provision for expunging misdemeanor arrest records appears in La.R.S. 44:9(A)(1)(a), when prosecution is not instituted, or (A)(1)(b) when prosecution has been instituted but does not result in a conviction. The general provision for expunging conviction records in misdemeanor cases when there has been a conviction subsequently set aside under La.C.Cr.P. art. 894 is La.R.S. 44:9(E)(3)(a). On the other hand, "La.R.S. 44:9(A)(5)(a) relates specifically to obtaining expungement of an arrest record after a conviction of a misdemeanor and allows for expungement 'if five or more years have elapsed between the date of the motion and the successful completion of any sentence, deferred adjudication, or period of probation or parole.'" Id. at 2 (Guidry, J., dissenting). Judge Guidry reasoned that the specific provision for expunging arrest records when a conviction has been entered is therefore La.R.S. 44:9(A)(5)(a), not (A)(1)(a) or (b), as the majority concluded, but under (A)(5)(b), "no person shall be entitled to an expungement if the misdemeanor conviction arose from circumstances involving a sexual act or act of domestic violence." Id. Thus, Judge Guidry concluded that respondent was "not entitled to seek expungement of his arrest record." Id.

5

The majority and dissenting opinions in the First Circuit panel thus addressed the district court's order of September 17, 2012 directing expungement of respondent's record of arrest only, without regard to the earlier order dated September 5, 2012, directing expungement of both the arrest and conviction records. The ambiguity in the record with respect to the breadth of the district court's order[3] touches on yet another ambiguity in Louisiana's expungement law adding to our prior expressions of dismay over its convoluted nature.[4] The provisions of La.R.S. 44:9(A)(5) originated in 2010 La. Acts 609. The title to the act reads as follows: "To enact R.S. 44:9(A)(5) relative to the expungement of certain criminal records; <u>to authorize the expungement of certain misdemeanor conviction records under certain circumstances</u>; to provide relative to the motion for expungement; and to provide for related matters." (emphasis added). The title of an act "may be instructive in determining legislative intent." <u>Authement v. Shappert Engineering</u>, 02-1631, p. 8 (La. 2/25/03), 840 So.2d 1181, 1186; <u>State v. Madere</u>, 352 So.2d 666, 668 (La. 1977)(same). But the text of R.S. 44:9(A)(5) says <u>nothing</u> about conviction records. It states in pertinent part:

> (5)(a) Any person who has been convicted for the violation of a . . . state statute which is classified as a misdemeanor may make a written motion to the district . . . court in which the violation was prosecuted or to the district court located in the parish in which he was arrested, for expungement of the <u>arrest record</u> if five or more years has elapsed between the date of the motion and the successful

---

[3] The state's original application to this Court specifically adverted to the order dated September 5, 2012, and argued that the court erred in ordering expungement of respondent's conviction. But the application also referred to the order dated September 17, 2012, and, in fact, attached an unsigned copy of it as prepared by counsel. The brief subsequently filed by the state also refers to both orders as if they were interchangeable. We understand the state to take the position that respondent is simply not entitled to an expungement (to whatever extent) in the present case. For his part, respondent poses the issue as whether present law provides for expungement of an arrest record following the set-aside of a conviction for domestic abuse battery under La.C.Cr.P. art. 894.

[4] The legislature implicitly acknowledged as much in 2014 La. Acts 145, signed by the Governor into law on May 23, 2014 (effective August 1, 2014), repealing La.R.S. 44:9 in its entirety and adding articles 971 through 995 to the Code of Criminal Procedure in a comprehensive revision of Louisiana's expungement law. <u>See</u> text, <u>infra</u>.

completion of any sentence, deferred adjudication, or period of probation or parole. Notwithstanding the provisions of Code of Criminal Procedure Article 892.1 or 894, or any other provision of law to the contrary regarding the set aside of a conviction or the dismissal of a prosecution, an expungement shall occur only once with respect to any person during a five-year period, except in the case of a misdemeanor offense of operating a vehicle while intoxicated which may occur only once with respect to any person during a ten-year period (emphasis added).

(b) No person shall be entitled to an expungement if the misdemeanor conviction arose from circumstances involving a sexual act or act of domestic violence.

\* \* \*

(d) If, after a contradictory hearing with the district attorney and the arresting law enforcement agency, the court finds that the mover is entitled to the relief sought for the above reasons, it shall order all law enforcement agencies to expunge but not destroy the record of the same in accordance with the provisions of this Paragraph. . . .

Before the enactment of La.R.S. 44:9(A)(5), the only provision authorizing expungement of conviction records was La.R.S. 44:9(E)(3)(a), enacted by 1999 La. Acts 1111, which generally authorizes the expungement or destruction of conviction records in misdemeanor cases in which the conviction has been set aside under La.C.Cr.P. art. 894. The legislature did not provide a definition of what it meant by the term "conviction record," but it did provide that "[u]pon the entry of such an order of expungement, all rights which were lost or suspended by virtue of the conviction shall be restored to the person against whom the conviction has been entered, and such person shall be treated in all respects as not having been arrested or convicted unless otherwise provided in this Section or otherwise provided in the Code of Criminal Procedure Articles 893 or 894." La.R.S. 44:9(E)(3)(b) (former (E)(3)) (emphasis added). Expungement of the conviction record as a matter of (E)(3)(a) seemingly encompasses the record of arrest as well, just as the district court's order dated September 5, 2012, provided. See also La.R.S. 44:9(I) ("Except for those entities listed in Subsection G of this Section, no person whose record of arrest and conviction has been expunged pursuant to the provisions of this Section shall be required to disclose that he was arrested or

7

convicted for the subject offense or that the record of the arrest <u>and</u> conviction has been expunged unless otherwise provided in this Section.") (emphasis added).

The provisions of La.R.S. 44:9(E)(3)(a) did not, however, address extant misdemeanor convictions and House Representative Gallot introduced 2010 H.B. 927, which then became 2010 La. Acts 609, to remedy that situation. In his remarks to the House Committee on the Administration of Justice on May 5, 2010, and to the Senate Judiciary Committee B on June 8, 2010, Representative Gallot explained that the bill would offer an alternative route to expungement for those persons who, for one reason or another, did not have the advantage of the set-aside provided by La.C.Cr.P. art. 894(B) as the first step towards expungement under R.S. 44:9(E)(3)(a).[5] As originally proposed in House Bill 927, La.R.S. 44:9(A)(5) provided the basic rule that any person convicted of a misdemeanor offense may apply for an expungement of the record of arrest following the expiration of five years from the finality of conviction and sentence. Subsequent amendments in the Senate added (A)(5)(b), excluding crimes involving sexual acts or acts of domestic violence, and in the House, inserted the language in (A)(5)(a) that "[n]otwithstanding the provisions of Code of Criminal Procedure Article 892.1 or 894, or any other provision of law to the contrary regarding the set aside of a conviction or the dismissal of a prosecution, an expungement shall occur only once with respect to any person during a five-year period except in the case of a misdemeanor offense of operating a vehicle while intoxicated which may occur only once with respect to any person during a ten-year period." A virtually identical proviso appears in La.C.Cr.P. art. 894(B)(2), with respect to setting aside misdemeanor convictions and dismissing the prosecutions. The amendments thus

---

[5] In both appearances, Representative Gallot used as an example misbehaving college students acquiring a minor misdemeanor record which then may shadow their subsequent careers as they finally mature and may hold them back. See: http://house.louisiana.gov/H_video/2010/2010.htm; http://senate.lagov/judiciayb/archives/2010/video.htm (accessed May 27, 2014). Expungement

narrowed the scope of Representative Gallot's original bill by excluding specified classes of cases and sharply curtailing the availability of expungement in any given five-year period including those cases involving set-asides under La.C.Cr.P. art. 894.

Under current law, and at the time the district court issued the expungement order(s) in respondent's case, the latest expression of legislative will with regard to expungement of arrest and/or conviction records in misdemeanor cases is not La.R.S. 44:9(A), or La.R.S. 44:9(E)(3)(a), but La.R.S. 44:9(A)(5).  McLane Southern, Inc. v. Bridges, 11-1141, p. 9 (La. 1/24/12), 84 So.3d 479, 485 ("This Court has held that it is a fundamental rule of statutory construction that when two statutes deal with the same subject matter, if there is a conflict, the statute specifically directed to the matter at issue must prevail as an exception to the statute more general in character.  Further, this Court has provided that the latest expression of legislative will is considered controlling and prior enactments in conflict are considered as tacitly repealed in the absence of an express repealing clause.")(internal quotation marks and citation omitted). We need not in the present case resolve as a general matter any ambiguity in R.S. 44:9(A)(5) whether the legislature meant to address expungement of both misdemeanor conviction records (as in the title to the act) and arrest records (as in the text of the act).  With regard to the specific crime of domestic abuse battery, the majority on the First Circuit panel failed to take into account the limiting language inserted by the House in (A)(5)(a).  Under current law, a person may set aside a misdemeanor conviction and dismiss the prosecution once during a given five-year period of time as a matter of La.C.Cr.P. art. 894(B)(2).  He may obtain an expungement in the case of a misdemeanor conviction once during the same five-year period of time as a

---

of the convictions would bring those persons pursuing employment under the umbrella of R.S. 44:9(I).

matter of La.R.S. 44:9(A)(5)(a). A conviction set aside under La.C.Cr.P. art. 894(B)(2), otherwise subject to expungement under R.S. 44:9(E)(3)(a), counts as the one conviction for purposes of La.R.S. 44:9(A)(5)(a). But within this five-year period marked out by the legislature, "[n]o person shall be entitled to an expungement if the misdemeanor conviction arose from circumstances involving a sexual act or act of domestic violence." La.R.S. 44:9(A)(5)(b) (emphasis added).

We therefore agree with Judge Guidry that at least in this instance, R.S. 44:9(A)(5), and specifically (A)(5)(b), as the latest expression of legislative will embodied in current law, superseded the earlier provisions of La.R.S. 44:9(A) and 44:9(E)(3)(a). We further find, consistent with the broad and unqualified language of La.R.S. 44:9(A)(5)(b), removing expungement as an alternative in cases involving sexual acts or acts of domestic violence, that the district court erred in the present case by ordering the expungement of respondent's record to any extent, whether of arrest only or of arrest and conviction. Accordingly, the decision of the First Circuit is reversed and, out of an abundance of caution, both orders of expungement dated September 5, 2012, and September 17, 2012, are vacated in their entirety.

We note here that during the pendency of the state's application in this Court, the legislature was considering 2014 House Bill 55, which proposed to repeal La.R.S.44:9 in its entirety and to enact Title XXXIV of the Code of Criminal Procedure to add Articles 971 through 995. That bill, passed by the legislature as 2014 La. Acts 145, was signed into law by the Governor on May 23, 2014, effective August 1, 2014. As now the latest expression of legislative will, La.C.Cr.P. art. 977 specifically provides for the expungement (but not destruction) of the record of arrest and conviction in misdemeanor cases if: (1) the conviction was set aside and the prosecution dismissed pursuant to La.C.Cr.P. art. 894(B); or (2) more than five years have elapsed since completion of sentence, deferred

10

adjudication, or period or probation or parole.  Further, La.C.Cr.P. art. 977(D)(1) provides that expungement of a record of arrest and conviction may occur only once with respect to any person during a five-year period, "unless the person was sentenced pursuant to Code of Criminal Procedure Article 894(B)."  But, "[n]o person shall be entitled to expungement of a record under . . . the following circumstances . . . (2) The misdemeanor conviction was for domestic abuse battery which was not dismissed pursuant to Code of Criminal Procedure Article 894(B)." La.C.Cr.P. art. 979(C)(2).  We express no opinion here whether respondent may be entitled to expungement of his record of arrest and conviction for domestic abuse battery under this latest expression of legislative will.

DECISION OF THE FIRST CIRCUIT REVERSED; ORDERS OF EXPUNGEMENT VACATED.

SUPREME COURT OF LOUISIANA

No. 2013-C-2982

STATE OF LOUISIANA

versus

LEONARD CARDENAS, III

ON WRIT OF REVIEW TO THE COURT OF APPEAL,
FIRST CIRCUIT,
PARISH OF EAST BATON ROUGE

**HUGHES, J., dissenting.**

I respectfully dissent and would deny the application and affirm the decisions of the lower courts.