Judgment rendered March 3, 2021.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 53,790-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Plaintiff-Appellee

versus

ANTHONY HENRY FABIO                         Defendant-Appellee

* * * * *

Appealed from the
Twenty-Sixth Judicial District Court for the
Parish of Bossier, Louisiana
Trial Court No. C223,012

Honorable Parker Self, Judge

* * * * *

JERICHA PAIGE REMONDET          Counsel for Appellant,
ADRIENNE ELIZABETH AUCOIN       State of Louisiana, Dept.
                                of Public Safety and
                                Corrections, Office of
                                State Police


THE HATCH LAW FIRM, LLC         Counsel for Appellee,
By: Christopher Hatch           Anthony Henry Fabio


JOHN SCHUYLER MARVIN            Counsel for Appellee,
District Attorney               State of Louisiana


RICHARD RAY
Assistant District Attorney

* * * * *

Before GARRETT, STONE, and COX, JJ.

**GARRETT, J.**

The State of Louisiana, through the Department of Public Safety and Corrections, Public Safety Services, Office of State Police, Bureau of Criminal Identification and Information ("the Bureau"), appeals from a trial court order which granted Anthony Henry Fabio's motion for expungement. For the reasons set forth below, we reverse and vacate the order of expungement signed by the trial court.

## FACTS

Fabio, who was born in November 1992, was arrested in February 2017 for indecent behavior with a juvenile. The amended bill of information stated that the offense was a violation of La. R.S. 14:81(A), it occurred in January 2015, the victim's date of birth was in February 1998, and there was an age difference of greater than two years between the victim and Fabio.[1]

On April 24, 2018, Fabio pled guilty to an amended charge of misdemeanor carnal knowledge of a juvenile, a violation of La. R.S. 14:80.1. No factual basis for the guilty plea was placed on the record nor was the defendant "Boykinized." Fabio was ordered to pay a fine of $500 and court costs; to serve six months in the parish jail, suspended; and to be on active supervised probation for one year. Additionally, he was prohibited from engaging in substitute teaching activities while on probation or being present on any secondary, elementary, or middle school grounds. The trial court invoked La. C. Cr. P. art. 894 and deferred the sentence.

---

[1] The original bill of information stated that the offense date was in January 2017, at which time the victim would have been 18 years old, whereas the victim would have been 16 years old in January 2015.

On June 14, 2019, Fabio filed a motion to set aside his conviction and dismiss the prosecution, pursuant to La. C. Cr. P. art. 894. He asserted that he had paid his fine and court costs and satisfactorily completed all of his remaining probation conditions. The motion was granted by order signed June 17, 2019.[2]

In July 2019, Fabio filed a motion for expungement of the record of his misdemeanor conviction, utilizing the form established in La. C. Cr. P. art. 989. Pursuant to La. C. Cr. P. art. 980, the Bureau filed an affidavit of response in August 2019, opposing the expungement with reasons and requesting a contradictory hearing. The reasons given by the Bureau were as follows:

> OPPOSITION: Article 977 (C) provides: "No person shall be entitled to expungement of a record under either of the following circumstances . . . (1) The misdemeanor conviction arose from circumstances involving or is the result of an arrest for a sex offense as defined in R.S. 15:541, except that an interim expungement shall be available as authorized by the provisions of Article 985.1 of this Code." La. R.S. 15:541(24)(a) defines "sex offense" and the offense of Indecent Behavior with Juveniles is included in this definition. Defendant was arrested for Indecent Behavior with Juveniles, a "sex offense," and was convicted of Misdemeanor Carnal Knowledge of a Juvenile. He is therefore not eligible for an expungement of the record of his misdemeanor conviction as his misdemeanor conviction is the result of an arrest for a "sex offense."

A hearing was held on January 7, 2020. The judge who presided over the expungement matter was not the judge who had accepted the guilty plea. Fabio argued that the dismissal of the prosecution pursuant to La. C. Cr. P. art. 894 had the same effect as an acquittal and, as a result, the prohibitory

---

[2] The appellate record does not contain a transcript of a hearing on this motion. This court directed that the Bossier Parish clerk of court supplement the record with such a transcript or explain why it was not available. The clerk of court's office responded by letter, stating that the motion was granted in the judge's chambers without a hearing.

language in La. C. Cr. P. art. 977 no longer applied to him. The Bureau

contended that, under *State v. Cardenas*, 2013-2982 (La. 7/1/14), 145 So. 3d

362, a conviction set aside under La. C. Cr. P. art. 894(B)(2) was still

considered a conviction for purposes of expungement. At the conclusion of

the hearing, the trial court took the matter under advisement.

On January 17, 2020, the trial court signed a written opinion/order in

which it granted the motion for expungement. It ruled as follows:

> The Court is aware that the original charge was reduced by the
> District Attorney from a felony to a misdemeanor offense. The
> defendant pled guilty to the amended charge and the sentence
> was amended to state that the sentence was imposed pursuant to
> [La. C. Cr. P. art.] 894. The granting of the Judgment of
> Dismissal of the conviction pursuant to Article 894 serves as an
> acquittal of the offense. Accordingly, Defendant should be
> entitled to claim the benefits of an expungement. Failure to
> allow defendant to avail himself to this remedy would appear to
> violate his Fourteenth Amendment right to due process
> pursuant to the United States' Constitution.

An "order of expungement of arrest/conviction record" form set forth

in La. C. Cr. P. art. 992 was filled out and signed by the trial court on

January 17, 2020. Thereafter, the Bureau filed the instant appeal.

## LAW

### *Relevant Articles and Statutes*

Louisiana law provides for the expungement of certain arrest and

conviction records under limited circumstances. Obtaining an expungement

of these records allows for the removal of a record from public access but

does not result in the destruction of the record. La. C. Cr. P. art. 971(1).

The current laws governing expungement, La. C. Cr. P. arts. 971 to 995,[3]

were enacted in 2014 when the former law underwent a comprehensive

---

[3] La. C. Cr. P. art. 996 was added in 2015.

revision.[4] *See* 2014 La. Acts, No. 145. The 2014 revision balanced the employment needs of persons who were required to undergo criminal history checks and the desire for public safety. La. C. Cr. P. art. 971(3)-(7). The revised provisions sought to streamline the expungement process and implement uniformity, with several articles providing the forms to be used throughout the process. The new provisions also continued the prior law's public policy that convictions for some offenses – including certain sex offenses – would not be expungeable.

La. C. Cr. P. art. 977, which addresses expungement of a record of arrest and conviction of a misdemeanor offense, now states:

> **A. A person may file a motion to expunge his record of arrest and conviction of a misdemeanor offense if either of the following apply:**
>
> **(1) The conviction was set aside and the prosecution was dismissed pursuant to Article 894(B) of this Code.**
>
> (2) More than five years have elapsed since the person completed any sentence, deferred adjudication, or period of probation or parole, and the person has not been convicted of any felony offense during the five-year period, and has no felony charge pending against him. The motion filed pursuant to this Subparagraph shall include a certification obtained from the district attorney which verifies that to his knowledge the applicant has no felony convictions during the five-year period and no pending felony charges under a bill of information or indictment.
>
> B. The motion to expunge a record of arrest and conviction of a misdemeanor offense shall be served pursuant to the provisions of Article 979 of this Code.
>
> **C. No person shall be entitled to expungement of a record under any of the following circumstances:**
>
> **(1) The misdemeanor conviction arose from circumstances involving or is the result of an arrest for a sex offense as**

---

[4] The former expungement law, which was located in now repealed La. R.S. 44:9, was described by the Louisiana Supreme Court as "convoluted." *State v. Cardenas*, *supra*.

4

**defined in R.S. 15:541**, except that an interim expungement shall be available as authorized by the provisions of Article 985.1 of this Code.[5]

(2) The misdemeanor conviction was for domestic abuse battery.

(3) The misdemeanor conviction was for stalking (R.S. 14:40.2).

D. Repealed by Acts 2020, No. 78, § 2. [Emphasis added.][6]

In La. R.S. 15:541(24)(a), "R.S. 14:81 (indecent behavior with juveniles)" is included in the definition of "[s]ex offense."

La. C. Cr. P. art. 894(B) states, in pertinent part:

(1) When the imposition of sentence has been deferred by the court, as authorized by this Article, and the court finds at the conclusion of the period of deferral that the defendant has not been convicted of any other offense during the period of the deferred sentence, and that no criminal charge is pending against him, the court may set the conviction aside and dismiss the prosecution[.]

(2) The dismissal of the prosecution shall have the same effect as an acquittal, except that the conviction may be considered as a prior offense and provide the basis for subsequent prosecution of the party as a multiple offender. Discharge and dismissal under this provision may occur only once with respect to any person during a five-year period[.]

The current law also provides for "interim expungement," which is defined in La. C. Cr. P. art. 972(3) as meaning "to expunge a felony arrest from the criminal history of a person who was convicted of a misdemeanor

---

[5] The prior expungement law included a similar prohibition. In 2010, the legislature added former La. R.S. 44:9(A)(5)(b), which stated that "[n]o person shall be entitled to an expungement if the misdemeanor conviction arose from circumstances involving a sexual act or act of domestic violence." *See* 2010 La. Acts, No. 609, § 1.

[6] Since the 2014 revision, La. C. Cr. P. art. 977 has been amended several times. 2015 La. Acts, No. 151, § 1, removed the phrase "which was not dismissed pursuant to Article 894(B) of this Code" from (C)(2), which deals with misdemeanor domestic abuse battery convictions. 2015 La. Acts, No. 200 § 1, added the word "any" in place of the word "either" to the first sentence of (C), and the phrase "or is the result of an arrest for" was added to (C)(1). Also added was (C)(3) pertaining to stalking convictions. 2020 La. Acts, No. 78, § 2, repealed a section on time restrictions.

5

offense arising out of the original felony arrest. Only the original felony arrest may be expunged in an interim expungement." La. C. Cr. P. art. 985.1, which concerns an interim motion to expunge a felony arrest from a person's criminal history in certain cases resulting in a misdemeanor conviction, states:

> A. A person may file an interim motion to expunge a felony arrest from his criminal history when that original arrest results in a conviction for a misdemeanor. In such cases, only the original felony arrest may be expunged.
>
> B. The interim motion to expunge a felony arrest which results in a misdemeanor conviction from criminal history is separate and distinct from an expungement of a final conviction pursuant to Articles 976, 977, and 978 of this Code.
>
> C. Except as provided in Paragraph D of this Article, an interim motion to expunge a felony arrest from criminal history shall follow the same procedures and fees established pursuant to the provisions of Article 979 et seq. of this Code.
>
> D. An interim motion to expunge shall not be subject to the time limitations provided for in Articles 977(A)(2) or 978(A)(2) of this Code, and there shall be no restriction on the number of interim expungements which may be granted.

### *Jurisprudence*

Whether a trial court was legally correct in its interpretation and application of an expungement statute is reviewed *de novo* to determine whether the lower court was legally correct. *See State v. George*, 19-280 (La. App. 5 Cir. 1/15/20), 289 So. 3d 1192.

In *State v. Cardenas*, *supra*, the Louisiana Supreme Court vacated an order of expungement for the arrest and disposition of a misdemeanor conviction for domestic abuse battery with child endangerment, which was rendered under the expungement law as it existed before the 2014 comprehensive revision. The supreme court found that the lower courts had improperly allowed the expungement when former La. R.S. 44:9(A)(5)(b)

6

prohibited expungement of a misdemeanor conviction arising from "circumstances involving a sexual act or act of domestic violence."[7] It then described the newly passed revisions to the expungement law, which included a prohibition against expunging a misdemeanor conviction for domestic abuse battery which was not dismissed pursuant to La. C. Cr. P. art. 894(B). The supreme court stated that it would express no opinion whether the defendant was entitled to expungement under the revised law.

However, the case of *State v. George*, *supra*, arose under the current expungement law. The defendant was convicted in 2007 of one count of simple battery under La. R.S. 14:35, one count of domestic abuse battery under La. R.S. 14:35.3, and one count of criminal trespass under La. R.S. 14:63. In 2018, he filed *pro se* Motions for Expungement and to Set Aside Conviction (of domestic abuse battery, simple battery and criminal trespass) and Dismiss the Prosecution. The Bureau, however, filed an Affidavit of Response opposing the Motion because La. C. Cr. P. art. 977(C)(2) states "[n]o person shall be entitled to expungement of a record . . . [for t]he misdemeanor conviction [ ] for domestic abuse battery." The Bureau stated in its affidavit that, if the pending Motion to Set Aside Conviction and Dismiss Prosecution was granted, and the required fee was paid, then the Bureau only objected to expungement of the domestic abuse battery arrest and conviction. It also requested a contradictory hearing. However, the Bureau never received notice of a contradictory hearing date, and the trial

_____

[7] During its discussion of setting aside convictions under La. C. Cr. P. art. 894(B)(2) and expungement under former La. R.S. 44:9(A)(5)(a), the supreme court stated that "[a] conviction set aside under La. C. Cr. P. art. 894(B)(2), otherwise subject to expungement under R.S. 44:9(E)(3)(a), counts as the one [misdemeanor] conviction [which could be expunged during the five-year period of time] for purposes of La. R.S. 44:9(A)(5)(a)." *State v. Cardenas*, 145 So. 3d at 368.

court granted the Motion of Expungement for all three charges. The Bureau appealed. Finding that La. C. Cr. P. art. 977(C)(2) expressly forbade the expungement of domestic abuse battery misdemeanor convictions, the appellate court held that the trial court erred in granting the motion and ordering the expungement of the defendant's record with regard to the domestic abuse battery arrest and conviction records.

## DISCUSSION

Fabio argues in brief that La. C. Cr. P. art. 977(C)(1) does not apply to him because he no longer has a conviction "at all" and was effectively given an acquittal under La. C. Cr. P. art. 894 when the court granted his motion to set aside his conviction and dismiss prosecution. Thus, he contends that he was merely seeking expungement of the record of his arrest and prosecution, not his misdemeanor conviction for carnal knowledge of a juvenile. He further contends that this court should not follow the reasoning in two recent appellate cases from another circuit which were rendered in 2020 and cited by the Bureau in its brief.[8]

We find no merit to Fabio's arguments.[9] La. C. Cr. P. art. 977(A) specifically provides that a situation where the defendant has had his

_____

[8] *State v. George*, *supra*, was rendered two days before the trial court signed its written opinion/order in the instant case, whereas *State v. Dempster*, 20-67 (La. App. 5 Cir. 7/29/20), 301 So. 3d 1203, was rendered approximately six months later. Due to their rendering dates, the trial court below did not have the benefit of considering them prior to issuing its own ruling.

[9] A similar argument was made and rejected in *State v. Dempster*, *supra*, in which expungement of a felony conviction was sought under La. C. Cr. P. art. 978(A)(1). There, the defendant had gotten his felony conviction for aggravated criminal damage to property set aside under La. C. Cr. P. art. 893(E)(2). However, the Bureau opposed the expungement, asserting that aggravated criminal damage to property was a crime of violence and that La. C. Cr. P. art. 978(B)(1) prohibited the expungement of the records of an arrest and conviction for a crime of violence unless the requirements of La. C. Cr. P. art. 978(E) had been met. Ultimately, the appellate court found that the defendant was not entitled to expungement because La. C. Cr. P. art. 978(B)(1) applied and not all of the conditions of La. C. Cr. P. art. 978(E) were met. In so ruling, the

8

misdemeanor conviction set aside and the prosecution dismissed pursuant to Article 894(B) is one of the two scenarios where expungement of a misdemeanor conviction is available. See La. C. Cr. P. art. 977(A)(1).

The instant matter is similar to the *George* case in that expungement of the type of case involved was expressly forbidden by La. C. Cr. P. art. 977(C). In *George*, *supra*, the misdemeanor conviction was for domestic abuse battery as set forth in (C)(2). Here, Fabio's misdemeanor conviction for carnal knowledge of a juvenile "arose from circumstances involving or is the result of an arrest for a sex offense as defined in R.S. 15:541" (i.e., La. R.S. 14:81, indecent behavior with juveniles), as set forth in (C)(1). Accordingly, we find that Fabio was not entitled to expungement of the record of his misdemeanor conviction for carnal knowledge of a juvenile, and we reverse the expungement order improperly granted by the trial court.

Furthermore, we note that the record is unclear as to whether the trial court's order of expungement was intended to also expunge the record of Fabio's felony arrest for indecent behavior with a juvenile. Fabio asserts in his brief that the order expunged the record of his arrest and prosecution. The manner in which he filled out the uniform motion for expungement form set forth in La. C. Cr. P. art. 989 suggests that he was seeking such a result, and the order signed by the trial court purports to expunge the record of "arrest/conviction." It appears that under our current expungement law, the mechanism by which to seek expungement of a felony arrest from a

_____

appellate court rejected the defendant's argument that La. C. Cr. P. art. 978(B)(1) did not apply because his conviction was set aside under La. C. Cr. P. art. 893(E)(2), which provides that the dismissal of the prosecution has the same effect as acquittal. The appellate court held that La. C. Cr. P. art. 978(A) clearly mandates that "Paragraph B" applies even when a conviction has been set aside and the prosecution has been dismissed pursuant to La. C. Cr. P. art. 893(E).

9

person's criminal history, when that original arrest results in a misdemeanor conviction, is by filing a motion for interim expungement. *See* La. C. Cr. P. art. 972(3), La. C. Cr. P. art. 985.1, and La. C. Cr. P. art. 994. *See also* La. C. Cr. P. art. 977(C)(1). That was not done in this case.[10] Consequently, to the extent that the order granting the motion for expungement may have also included expungement of Fabio's felony arrest for indecent behavior with a juvenile from his criminal history, it would be improper and unauthorized by our law. Consequently, we reverse and vacate the order in its entirety.

## CONCLUSION

The order of expungement granted by the trial court is reversed and vacated. Costs of this appeal are assessed to Anthony Henry Fabio.

**REVERSED AND VACATED.**

---

[10] We express no opinion on Fabio's entitlement to an interim expungement of his felony arrest record.