THE TIMES-PICAYUNE PUBLISHING CO.
v. JACOBS

(March 10, 1930. Opinion and Decree.)
(April 7, 1930. Rehearing Refused.)

Sumpter D. Marks, of New Orleans, attorney for plaintiff, appellee.

Clarence F. Favret, of New Orleans, attorney for defendant, appellant.

JANVIER, J. Defendant is engaged in business in New Orleans as a real estate agent. Plaintiff sues for $1,884.32, as the balance due on an open account covering various real estate advertisements published for account of defendant from Au-

gust 7, 1927, to and including July 5, 1928. Attached to plaintiff's petition is a detailed account showing the amount of each item and outlining the nature of each advertisement.

In answer to this petition, defendant admitted that advertisements had, from time to time, been published for his account, but he denied the correctness of the itemized statement. It should be noted that defendant did not specify what items on the account were incorrect, but relied on what seems to be a general denial, which, under the Pleadings and Practice Act of 1914, to-wit: Act No. 300, is no longer permitted in this state.

In addition to the above referred to averments of the answer, defendant alleged that "he has made. further and other payments to plaintiff, which are not shown on the itemized statement attached to the said petition."

At the trial, defendant, for some reason best known to himself, did not appear.

The trial judge refused to permit the introduction of any evidence with reference to the additional credits to which defendant claims he was entitled, and his ruling on this point was manifestly correct. The allegation that credits are due is an allegation of payment. "The burden of proof is upon the defendant who answers that he is entitled to certain credits." Egan vs. Willard (1919), see Louisiana and Southern Digest, Tessier Orleans App. Dig. 124. Payment is a special defense and must be pleaded with the same particularity as is required of a petitioner. Since defendant did not allege any particular payment, evidence offered in support of the allegation of payment was properly rejected.

Plaintiff offered abundant proof of the correctness of the account, and in the absence of any denial by defendant that the various items composing the account were actually due, it is manifest that the judgment appealed from is correct and should be affirmed.

Defendant's contention that the order slips bearing defendant's signature should have been produced by plaintiff is without merit. Under the allegation of the answer plaintiff was not put on notice that there was any claim that any of the signatures were not genuine. If there was any reason for the production of the slips, defendant's request for a subpoena duces tecum came too late. It should have been filed sufficiently in advance to permit of compliance therewith without causing a delay in the trial.

Plaintiff asks that we award damages for frivolous appeal in accordance with Code Prac., art. 907. We cannot find that any serious question is presented by the appeal, and we are therefore of the opinion that plaintiff's prayer in this regard should be granted.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be amended by increasing the amount thereof by 10 per cent, and, as thus amended, affirmed.