**SLIMAN v. WEAVER et al.**

No. 1470.

Court of Appeal of Louisiana. First Circuit.

June 14, 1935.

Kay & Kay, of DeRidder, for appellant.

Woosley & Cavanaugh, of Leesville, for appellees.

ELLIOTT, Judge.

Kalil Sliman brought suit on four notes, amounting in the aggregate to $250, against C. A. Weaver as maker and J. C. LaCaze as indorser. Each of the notes draws 8 per cent. per annum interest from date until paid and stipulates that the maker is to pay attorney's fees if the notes are not paid when due. Weaver and LaCaze appeared and for answer admitted plaintiff's averment stating their names, etc., but denied his averments that they were indebted to him. Their answer concludes with the averment that the amount due the plaintiff had been paid and satisfied.

After hearing evidence, the court rendered judgment in favor of the plaintiff as

prayed for. J. C. LaCaze has appealed. C. A. Weaver did not appeal.

The lower court did not file written reasons for judgment, but the wording of the judgment indicates that it is based on the merits of the case.

The plaintiff opened the trial by offering in evidence the notes sued on and rested. The defendants then took up the burden of showing that the notes had been paid and extinguished. To this end they offered evidence, the effect of which was to show that the plaintiff, Kalil Sliman, represented by George Sliman as his agent, had rented to C. A. Weaver a filling station some years before. That the rent had been $125 per month, and in operating the station Weaver had fallen behind with his rent and was indebted to the plaintiff to the extent of $500 on that account. It then appears that George Sliman, representing and acting for Kalil Sliman, had entered into an agreement with Weaver whereby the debt for $500 was liquidated by Weaver who executed ten notes in favor of Kalil Sliman for $50 each and each of the notes was indorsed by LaCaze. These notes were delivered to the plaintiff, which being done, a new contract of lease was entered into between Kalil Sliman, represented by George Sliman, whereby the rent of the filling station was reduced to $75 a month payable monthly for a period of 5 years. When defendants on the trial proceeded to establish the existence of this lease, the plaintiff objected urging as grounds for the objection that testimony of the kind did not come under the answer. The court ruled receiving the evidence subject to the objection.

The defendants then continued to cross-examine George Sliman, seeking to establish by him that after the new contract of lease had been entered into under which Weaver had obtained the filling station from the plaintiff under a contract for five years, the defendant Weaver had then entered into a sublease with the Texas Company to which the plaintiff, Kalil Sliman, was not a party. As between Kalil Sliman and Weaver, Weaver continued to be the lessee · for the filling station and remained the debtor of Sliman for the rent payable monthly at the rate of $75 per month. But according to the arrangement between Weaver and the Texas Company, Weaver was being paid a cent a gallon for each gallon of gasoline sold from the filling station, and monthly, as Weaver received his pay from the Texas Company, he indorsed the check and delivered it to the plaintiff under an agreement that the sums received from the Texas Company were to be used for the purpose of paying the notes which Weaver had executed for the back rent and, on which LaCaze was the indorser. In that way six of the notes had been paid, leaving unpaid the four sued on. That instead of paying the four notes sued on, Sliman, upon receiving the amount which Weaver had received from the Texas Company monthly, applied the payments to the current rent due monthly at the rate of $75 per month, leaving the four notes sued on unpaid.

When the purpose of the testimony became evident, the plaintiff urged a further objection, which reads as follows: "At this time counsel for plaintiff in the suit objects to any attempt on the part of defendants to prove payment of the promissory notes herein sued on, for the reason that payment is a special defense and must be pleaded with the same particularity that is required of a petitioner and since defendant J. C. LaCaze or C. A. Weaver have not alleged any particular payment, evidence offered in support of the general allegation of payment is inadmissible." Citing authority.

The court again ruled admitting the evidence subject to the objection made. The objection was then made general to all evidence offered on the trial to prove payment of the notes sued on. The plaintiff urges in his brief that this ruling of the court was erroneous; that his objection should have been sustained, and the evidence which the defendants were enabled to place in the record under their plea of payment should have been excluded.

We find that the court did err in this ruling and that the evidence should have been excluded. The allegation of the defendants under the plea of payment contained in their answer was couched in the following language: "And for further answer your defendants aver that said indebtedness and notes described in plaintiff's petition have been paid and satisfied in full."

Under this plea of payment, defendants were permitted to offer evidence to the effect that Kalil Sliman, represented by George Sliman, on one side and Weaver and LaCaze on the other, had entered into an agreement at the time the new lease was entered into, under which the rent

money which Weaver received monthly from the Texas Company was to be applied by the plaintiff to the payment of the notes which Sliman had received in liquidation of the old debt, but that Sliman, upon receiving the amount each month, had instead devoted the amount monthly to the payment of the current monthly rental due him by Weaver on account of the filling station under the new lease. For such a purpose, we think the testimony inadmissible and that the objection should have been sustained. "Obligations are extinguished by payment." Civ. Code, art. 2130. "By payment is meant, not only the delivery of a sum of money, when such is the obligation of the contract, but the performance of that which the parties respectively undertook, whether it be to give or to do." Civ. Code, art. 2131. In Dunlap v. Whitmer, 133 La. 317, page 327, 62 So. 938, 942, Ann. Cas. 1915C, 990, the court said: "When such is the obligation of the contract, pay, under our law, means the delivery of a sum of money." In this case if the testimony had been for the purpose of proving payment with money, or that the notes had been extinguished by compensation, the testimony would have been admissible of course. But the purpose of the testimony was instead to show on the part of the plaintiff, Sliman, the violation of an agreement as to which the plea did not put him on his guard. The case Times-Picayune Publishing Co. v. Jacobs, 13 La. App. 1, 126 So. 741, is a parallel case.

The ruling in question is therefore set aside, the objection sustained, and the evidence received under the ruling is excluded from the case.

The judgment appealed from contains another ruling which the appellants request us to review. After the case had been heard and submitted to the court, but before judgment was rendered, defendants moved to reopen the case and to be permitted to file an amended and supplemental answer, on the ground that under the case cited, their plea of payment was not sufficient and they should be permitted to offer further evidence on the subject.

The motion to reopen was overruled. Defendants contend that the ruling was erroneous. Jurisprudence is established that the lower court has considerable discretion about reopening a case after it has been submitted in order that the pleadings may be amended and supplemented. Unless the discretion is abused in such a way that justice is not done, the Courts of Appeal will not interfere. In this case a proper ground for interference does not appear. The judgment in favor of the plaintiff is correct, but affirmance is placed on the ground stated. Judgment affirmed, J. C. LaCaze to pay the cost of appeal. The cost in the lower court is to be paid as ordered in the lower court.