CRAIN, J.,
concurs in part, dissents in part.
hi concur in affirming the trial court’s denial of plaintiffs motion seeking to impose an adverse presumption based on spoliation of evidence, and I dissent from the reversal of the trial court’s judgment granting the defendant’s motion for summary judgment. While I believe the determination of whether an adverse presumption is imposed based on spoliation of evidence should be resolved by the trier of fact, BancorpSouth Bank v. Kleinpeter Trace, LLC, 13-1396 (La.App. 1 Cir. 10/1/14), 155 So.3d 614, from which I dissented, holds that the trial court makes that determination.[1] But for the binding precedent of BancorpSouth Bank, I would remand this matter with instructions to allow a jury instruction relative to the application of the spoliation of evidence doctrine, thereby preserving for the jury, as the trier of fact, the authority to determine if an adverse presumption should be imposed; and, I would reverse the summary judgment because of that remaining factual issue.
The factual dispute in this case relative to the adequacy of the explanation for the alleged spoliation of evidence is even more pronounced than that presented in Ban-corpSouth Bank, and concerns the defendant’s knowledge and the circumstances and motives surrounding its failure to preserve more of the pre-fincidentj, video. First, the alleged eyewitness did not tell Hi Nabor about a “grape” on the floor before the video equipment recorded over the tape from the day in question. In fact, *713 there is no evidence in the record that Hi Nabor had any knowledge, at the time the video was taped over, of what caused Carter to slip other than the “water” that Carter first reported. Second, whatever may have caused Carter to slip is not clearly shown by the video that was preserved. Reviewing the preserved video reveals the extent of the information that can or cannot be gleaned from the video, and emphasizes the scope of the factual issues that must be resolved in determining the adequacy of Hi Nabor’s explanation for not preserving more of the pre-incident video. For example, the video shows a black spot that Carter appears to step on. That black spot is indistinguishable from another one located at the bottom right corner of the same video frame. Following Carter’s fall, several people appear in the video and step on the other black spot without any reaction by them. It cannot be determined from the video whether the second black spot is a grape, a nut, a marble, a permanent mark on the floor, a scuff mark, or simply a spot on the lens of the camera. That black spot on the video is no more definable from the video than the black spot where plaintiff stepped. Did Carter slip on a grape? Does the video show that? Did Carter slip in water? Does the video show that? Would more video show anything to assist in answering these questions? In light of all the facts and circumstances of the case, is Hi Nabor’s explanation for not preserving more of the pre-accident video adequate?
Knowing that plaintiff first claimed to have slipped in “water,” and after viewing the video and seeing the black spot on the floor where plaintiff stepped, I must conclude that a person could reasonably argue that someone could allow the video to be taped over without appreciating that the black spot visible in the video footage caused the fall, and that additional video footage would not have revealed |amore. Whether that explanation, or any other, is adequate to explain the loss of the video is an unresolved question of fact. I believe the jury in this case should resolve that issue at trial.
However, BancorpSouth Bank holds that the trial court makes that determination, and, after a thorough review of the evidence, I agree that the trial court did not abuse its discretion in finding that Hi Nabor presented an adequate explanation for not preserving more of the pre-acci-dent video. Therefore, I agree with affirming the trial court’s judgment in that regard.
Having affirmed the trial court’s decision to deny imposition of the adverse presumption, I disagree with the conclusion of the majority that factual issues exist regarding the plaintiffs ability to recover under Louisiana Revised Statute 9:2800, and believe that without the adverse presumption, the record is left bare of any facts that might establish the temporal element necessary to prove constructive notice of the condition. See La. R.S. 9:2800.6B(2) and C(l); White v. Wal-Mart Stores, Inc., 97-0893 (La.9/9/97), 699 So.2d 1081, 1084. More specifically, the constructive notice requirement of Section 9:2800.6A(2) and C(i) requires the plaintiff to prove that the allegedly hazardous condition “existed for such a period of time” that the merchant should have discovered it in the exercise of reasonable care. The statute does not allow for the inference of constructive notice absent some showing of this temporal element. White, 699 So.2d 1081, 1084. As explained by the supreme court in White:
■ Though there is no bright line time period, a claimant must show that “the condition existed for such a period of time.... ” Whether the period of time is *714 sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question; however, there remains the prerequisite showing of some time period. A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute. Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant 14prove the condition existed for some time period prior to the fall. This is not an impossible burden.
White, 699 So.2d at 1084-85.
Without an adverse presumption relative to when any foreign object or substance was deposited onto the floor prior to the plaintiffs fall, the plaintiff cannot meet his burden of proof relative to the temporal element required by White. In the absence of that adverse presumption, the majority points to no evidence tending to prove the length of time any hazardous condition was on the floor. Instead, the majority focuses on the defendant’s “floor sweep” procedures and when various employees may or may not have been in the area of the fall prior to the accident, and points out that conflicting evidence indicates that the floor inspection could have occurred anywhere from “about an hour” before the fall, to two minutes before the fall.
While the evidence regarding the adequacy and timing of the floor inspections may be relevant for proving a failure to exercise reasonable care to discover a hazardous condition, a delay in the performance of such procedures offers no proof of how long any such condition may have been on the floor, a separate and equally essential requirement of the plaintiffs burden of proof under Section 9:2800.6. Evidence that the employee responsible for inspecting the floors was not seen in the area of the fall for “about an hour” before the accident proves nothing more than the employee’s absence from the area for one hour before the accident; it does not tend to prove either the presence of a foreign substance or object on the floor, or, just as critical, when any such substance or object was placed there. Neither would the fact that the floor inspection took place two minutes before the fall prove that the foreign substance was either on the floor at that time and missed by the person performing the inspection, or, just as plausible, that it was deposited onto the floor less than two minutes before the fall. Without Ran adverse presumption, the plaintiff cannot meet his burden of proving when the hazardous condition was on the floor. Given the absence of a necessary element of the plaintiffs burden of proof, I believe the trial court properly granted summary judgment and dismissed the plaintiffs claims.

. But see Boh Brothers Construction Company, Inc. v. Luber-Finer, Inc., 612 So.2d 270, 274-75 (La.App. 4 Cir.1992), writ denied, 614 So.2d 1256 (La.1993) (trial court erred in instructing jury to presume that discarded evidence would discredit party’s claim; jury should have been instructed that party could rebut presumption by explaining its failure to produce the evidence); see also Wilhite v. Thompson, 42,395 (La.App. 2 Cir. 8/15/07), 962 So.2d 493, 498-99, writ denied, 07-2025 (La.2/15/08), 976 So.2d 175 (after being instructed on availability of the adverse presumption, jury's implied finding that presumption did not apply because party’s explanation was reasonable was not manifestly erroneous).