# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

## 14-1302

RALPH W. BROCKMAN

VERSUS

MONET ACRES LIMITED PARTNERSHIP I,
RENOIR ACRES LIMITED PARTNERSHIP I,
REGIONS BANK, AAMAGIN PROPERTY
GROUP, L.L.C., WJ BELTON COMPANY, L.L.C.,
AND WILLIAM J. BELTON

************

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2013-3759, DIVISION "A"
HONORABLE DAVID KENT SAVOIE, DISTRICT JUDGE

************

JAMES T. GENOVESE
JUDGE

************

Court composed of Marc T. Amy, James T. Genovese, and John E. Conery, Judges.

**AFFIRMED.**

**Arthur R. Thomas**
**Ernest L. Johnson**
**Arthur R. Thomas & Associates, LLC**
**3313 Government Street, Suite G**
**Baton Rouge, Louisiana 70806**
**(225) 334-7490**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Monet Acres Limited Partnership I and**
    **Renoir Acres Limited Partnership I**

**David F. Dwight**
**Dwight Law Firm, L.L.C.**
**1400 Ryan Street**
**Lake Charles, Louisiana 70601**
**(337) 439-3138**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Monet Acres Limited Partnership I and**
    **Renoir Acres Limited Partnership I**

**Brady D. King, II**
**April L. Martin**
**McNew, King, Burch & Landry, LLP**
**2400 Forsythe Avenue, Suite 2**
**Monroe, Louisiana 71201**
**(318) 361-3140**
**COUNSEL FOR  PLAINTIFF/APPELLEE:**
    **Ralph W. Brockman**

**GENOVESE, Judge.**

In this subrogation suit, prior counsel for Defendants, Monet Acres Limited Partnership I (Monet) and Renoir Acres Limited Partnership I (Renoir), appeal the trial court's grant of a Motion to Substitute Counsel for Defendant, which ordered that Attorney David F. Dwight be substituted as counsel for these Defendants in place of Arthur R. Thomas and Ernest L. Johnson and the law firm of Arthur R. Thomas & Associates, LLC.[1] For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

Plaintiff, Ralph W. Brockman, filed a pleading titled Suit in Subrogation on Note and Guaranties, Recognition of Mortgage and Security Interests, and for Declaratory Judgment, naming Monet and Renoir as Defendants, among others.[2] Mr. Brockman, as a guarantor of the obligations incurred by Monet with Regions Bank (Regions), paid $351,512.59 plus interest, for a total of $358,249.92, to Regions upon Monet's default. As a result of these payments, Mr. Brockman contended that he was subrogated to the rights of Regions against Monet and entitled to the security held by Regions for Monet's obligations. He sought repayment from Monet of $351,512.59, plus interest and attorney fees. Also, in his capacity as guarantor, upon Renoir's default of its obligation to Regions, Mr. Brockman paid $350,601.56 plus interest, for a total of $357,321.43, to Regions. Mr. Brockman likewise asserted his subrogation rights against Renoir

---

[1]Prior counsel, Mr. Thomas and Mr. Johnson, also seek to appeal the trial court's grant of Plaintiff's Motion for Summary Judgment; however, considering our opinion affirming the trial court's grant of the Motion to Substitute Counsel for Defendant, the issue of the trial court's grant of summary judgment is not before this court.

[2]Mr. Brockman also named AAmagin Property Group, L.L.C. and Willard J. Belton (erroneously named as William J. Belton), co-guarantors, as Defendants. W.J. Belton Company, L.L.C., also named as a Defendant, was alleged to have assigned and granted a security interest in all of its membership interests in AAmagin Property Group, which interest Mr. Brockman sought to have recognized as security for the debt. The claims asserted against these Defendants, which did not involve the mortgages but sought to enforce contractual rights via various Guaranty Agreements and Assignment of Membership Interests, were severed and transferred to the Nineteenth Judicial District Court and are not before this court.

and sought repayment of $350,601.56, plus interest and attorney fees from Renoir. Mr. Brockman also prayed for recognition and enforcement of the mortgages securing the indebtedness of Monet and Renoir. Finally, Mr. Brockman named Regions as a Defendant and sought a judicial declaration that Regions must turn over all original notes, security devices, and mortgage agreements evidencing said indebtedness and that it be precluded from taking any action eliminating or impairing the security interest to which he was entitled by means of his right of subrogation.

On June 2, 2014, Mr. Brockman filed a Motion for Summary Judgment, asserting that there were no genuine issues of material fact relative to his Suit in Subrogation on Note and Guaranties, Recognition of Mortgage and Security Interests, and for Declaratory Judgment. Therein, he argued that summary judgment in his favor was appropriate since the amounts that he paid to Regions in satisfaction of the obligations of Monet and Renoir upon their default were established, thereby entitling him to reimbursement and subrogation as a matter of law. Filed in support of the Motion for Summary Judgment were the affidavits of Mr. Brockman and David N. Payne, Vice President of Regions, with the documents of indebtedness attached thereto. The trial court set Mr. Brockman's Motion for Summary Judgment for hearing on September 2, 2014. No opposition to Mr. Brockman's Motion for Summary Judgment was filed on behalf of Monet and Renoir by their counsel of record, Mr. Thomas and Mr. Johnson.

On August 21, 2014, a Motion to Substitute Counsel for Defendant (Motion to Substitute) was filed by Attorney David F. Dwight on behalf of Monet and Renoir in order to substitute Mr. Dwight in place of Arthur R. Thomas and Ernest L. Johnson and the law firm of Arthur R. Thomas & Associates, LLC, as counsel of record for these Defendants. The trial court signed the order granting the

Motion to Substitute, ex parte, on the day of its filing, August 21, 2014. No opposition to the Motion to Substitute was filed by Mr. Thomas and Mr. Johnson.

The following day, August 22, 2014, a Memorandum in Opposition to Motion for Summary Judgment was filed on behalf of Monet and Renoir by Mr. Dwight. Monet and Renoir argued therein that Mr. Brockman sought judgment against Monet and Renoir "not only for the amount of principal and interest he paid as a guarantor on the loans, but also for attorney's fees." In opposition, Monet and Renoir took the position that the only amount that Mr. Brockman was entitled to recover was "the principal and interest he actually paid on each loan."

According to the trial court minutes, on September 2, 2014, counsel for Mr. Brockman and both Mr. Dwight and Mr. Johnson were present in court for the hearing on Mr. Brockman's Motion for Summary Judgment. When the matter was called, "[a] discussion [was] had between the Court and Counsel as to proper legal representation of Defendants (i.e., Mr. Dwight's Substitution of Counsel)." After discussions with counsel, the trial court rescheduled the hearing for September 4, 2014, to address the issue of legal representation prior to considering the merits of Mr. Brockman's Motion for Summary Judgment, with notice being given in open court to all counsel. There was no objection by counsel to the rescheduling of the matter; no writ was taken; and, no stay was requested.

On September 4, 2014, the issue pertaining to Monet and Renoir's legal representation was heard, and evidence was introduced, with Mr. Thomas participating in the hearing. Thereafter, the trial court found Mr. Dwight to be the proper attorney to represent Monet and Renoir. On the same day, after deciding the issue of legal representation of Monet and Renoir, Mr. Brockman's Motion for Summary Judgment was taken up, heard, and granted by the trial court.

3

Thereafter, the trial court rendered judgment in favor of Mr. Brockman against Monet in the amount of $358,249.22 plus interest, and in favor of Mr. Brockman against Renoir in the amount of $357,321.43 plus interest, and ordered that the corresponding mortgages be recognized as security for the respective debts.

As prior counsel for Monet and Renoir, Mr. Thomas and Mr. Johnson have appealed the trial court's grant of the Motion to Substitute.

## ASSIGNMENTS OF ERROR

Mr. Thomas and Mr. Johnson, as prior counsel for Monet and Renoir, assign the following errors for our review:

A.  Assignment of Error No. 1:  Whether the trial court erred in removing Attorneys Jules B. LeBlanc, III,[3] Arthur R. Thomas, and Ernest L[.] Johnson as counsels of record for the Defendants.

B.  Assignment of Error No. 2:  Whether the trial court erred in granting Plaintiff's Motion for Summary Judgment without prior notice of hearing against Defendants without giving their original counsels of [r]ecord an opportunity to file opposition within the allotted time.

## LAW AND DISCUSSION

Mr. Thomas and Mr. Johnson argue that the trial court's grant of the ex parte Motion to Substitute was procedurally erroneous as they did not sign the motion,[4] they were not served with a copy of the motion, and they were not granted a hearing on the motion.  While we agree that the trial court improvidently signed the order granting the Motion to Substitute ex parte, upon being advised on September 2, 2014, that there existed a dispute as to the proper legal representation of Monet and Renoir, the trial court scheduled a hearing on the matter for

---

[3]This is erroneous.  The Judgment of the trial court does not name Mr. LeBlanc as an attorney being removed as counsel for Monet and Renoir.

[4]Mr. Thomas and Mr. Johnson contend that their signature was required on the Motion to Substitute, relying on La.Dist.Ct.R. 16(D) relative to the withdrawal of counsel; however, that rule governs family and juvenile courts and is inapplicable to the present proceedings.

September 4, 2014. Thus, Mr. Thomas and Mr. Johnson were given the opportunity to oppose the Motion to Substitute and offer testimony and evidence in opposition thereto.

Additionally, we note that when Mr. Dwight filed the Motion to Substitute, Mr. Thomas and Mr. Johnson were sent a copy. Despite the contents thereof seeking their removal and replacement with Mr. Dwight as counsel for Monet and Renoir, Mr. Thomas and Mr. Johnson did not file any opposition thereto, nor did they notify the trial court that they disputed the motion. Their inaction left the trial court wholly unaware that the motion was contested. Still without having voiced any opposition to the Motion to Substitute, Mr. Thomas appeared at the September 2, 2014 hearing on Mr. Brockman's Motion for Summary Judgment. At that time, Mr. Thomas was allowed to participate in the discussions with the trial court and was aware that that the trial court was going to consider the issue of Monet and Renoir's legal representation on September 4, 2014. Thereafter, on September 4, 2014, with Mr. Thomas participating, the trial court entertained testimony and considered documentary evidence on the substitution of counsel issue.

Although Mr. Thomas and Mr. Johnson complain of "procedural defects leading up to the trial court's removal of original counsels of record[,]" the record clearly indicates that in providing counsel the opportunity for a full hearing on the matter of legal representation, the trial court rectified any procedural deficiencies that resulted from it having unknowingly and improvidently signing the ex parte order granting the Motion to Substitute. Therefore, we do not find any procedural deficiencies warranting a reversal of the trial court's judgment.

Substantively, in order to address the merits of the Motion to Substitute, we must ascertain who, or which entity, had the legal authority to retain counsel for

Monet and Renoir.[5] In order to do so, we must examine the underlying ownership structure of these entities.

Monet and Renoir are both partnerships owned by AAmagin Property Group (APG), the fiscal and limited partner, and Metro City Redevelopment Coalition, Inc., the managing general partner. The Articles of Partnership of both Monet and Renoir provide, relative to litigation, that "[t]he Fiscal Partner shall prosecute and defend such actions as may be necessary to enforce or protect the interest of the Partnership." Pursuant to this provision, APG had the authority to retain counsel to represent Monet and Renoir. The next step in the inquiry is, therefore, determining who had the authority to act on behalf of APG.

Mr. Johnson and Mr. Thomas contend that they are counsel for Monet and Renoir by virtue of their being retained by APG through Willard J. Belton, in his capacity as president of APG.[6] Contrarily, Mr. Dwight contends that he is counsel for Monet and Renoir by virtue of his being retained by Mr. Brockman, in his capacity as president of APG.

The question of which individual, Mr. Belton or Mr. Brockman, was the president of APG was the subject matter of prior litigation captioned *Metro City Redevelopment Coalition, Inc. v. Brockman*, 13-1615 (La.App. 1 Cir. 3/21/14), 143 So.3d 495. In that quo warranto proceeding, the trial court considered whether Mr. Belton had properly been removed as president of APG and replaced by Mr. Brockman. The trial court found that Mr. Belton's removal was properly achieved and ruled in favor of Mr. Brockman. On appeal, the first circuit affirmed;

---

[5]The trial court's grant of the Motion to Substitute also required the trial court to make this underlying factual determination. Factual determinations made by a district court may not be overturned on appeal absent a finding of manifest error. *Hyatt v. Mut. of Omaha Ins. Co.*, 14-282 (La.App. 3 Cir. 10/1/14), 149 So.3d 406.

[6]More specifically, they contend that APG retained Mr. Jules LeBlanc, III, who then associated Mr. Thomas and Mr. Johnson to assist in the representation of Monet and Renoir.

thus, by virtue of that decision, it was judicially determined that the president of APG was Mr. Brockman.

Mr. Thomas and Mr. Johnson argue that following the rendition of the first circuit's opinion in *Metro*, Mr. Brockman was removed as president at an April 19, 2014 meeting of APG. They conclude, therefore, that Mr. Belton had authority to retain them as counsel for Monet and Renoir and that the hiring of Mr. Dwight by Mr. Brockman was without authorization. We disagree. Mr. Thomas and Mr. Johnson failed to present the necessary proof establishing that Mr. Brockman was removed as president at an April 19, 2014 meeting.

Considering the *Metro* decision, and based on the testimony and evidence introduced at the September 4, 2014 hearing, we find no error in the trial court's conclusion that Mr. Brockman had the authority to retain Mr. Dwight to represent Monet and Renoir. Pursuant to the respective Articles of Partnership, the fiscal partner of each, APG, had the authority to engage, prosecute and defend all litigation. The evidence was sufficient to prove that Mr. Dwight was retained to represent Monet and Renoir by the fiscal partner of each, APG, acting through its president, Mr. Brockman, via the resolutions of August 19, 2014, and as confirmed by the letters of engagement signed August 29, 2014. Although these actions were accomplished without there being a meeting of APG called, the trial court found that no such meeting was required. We agree. For these reasons, we affirm the judgment of the trial court granting the Motion to Substitute Mr. Dwight as counsel of record for Monet and Renoir in place of Mr. Thomas and Mr. Johnson.

Having concluded that Mr. Dwight is the proper counsel of record for Monet and Renoir, it is he, not Mr. Thomas and Mr. Johnson, who has the authority to represent Monet and Renoir and to act on their behalf. Therefore, we need not address the second assignment of error raised by Mr. Thomas and Mr. Johnson on

the propriety of the trial court's grant of summary judgment in favor of Mr. Brockman. Having affirmed the trial court's ruling that Mr. Thomas and Mr. Johnson are not counsel of record for Monet and Renoir, they have no standing to raise this issue on appeal; therefore, that matter is not before this court.

## <u>DECREE</u>

For the reasons assigned, we affirm the judgment of the trial court granting the Motion to Substitute Counsel for Defendant and ordering that David F. Dwight, with the Dwight Law Firm, LLC, be substituted as counsel of record for Defendants, Monet Acres Limited Partnership I and Renoir Acres Limited Partnership I, in place of Arthur R. Thomas and Ernest L. Johnson and the law firm of Arthur R. Thomas & Associates, LLC. Costs of this appeal are assessed to Arthur R. Thomas and Ernest L. Johnson and the law firm of Arthur R. Thomas & Associates, LLC.

**AFFIRMED.**