McCLENDON, J.
*366 In this suit for personal injuries arising from a motor vehicle accident, the plaintiffs appeal a judgment of the trial court that dismissed their claims against their uninsured motorist carrier. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
On May 11, 2014, the vehicle of the plaintiffs, Walter Lewis and Beverly Lewis, was stopped at a red light in Ponchatoula, Louisiana, when another vehicle, driven by Mollie Fowler, stopped behind them. As stipulated, Ms. Fowler glanced down at her cellphone and inadvertently drifted forward, resulting in a low-speed impact at approximately three to five miles per hour. Ms. Fowler's vehicle was not damaged, and the plaintiffs' vehicle incurred slight damage.[1]
On May 6, 2015, the plaintiffs filed a Petition for Damages against Ms. Fowler and her liability insurer, Progressive Northwestern Insurance Company (Progressive). In September of 2015, Mr. Lewis agreed to accept $14,900.00 and Ms. Lewis agreed to accept $25,000.00 for their injury claims from the defendants, in exchange for a full release of the defendants. The policy limits for Ms. Fowler's liability coverage with Progressive were in the amounts of $25,000.00 per person and $50,000.00 per accident.
Thereafter, on November 20, 2015, the plaintiffs filed a First Supplemental and Amending Petition for Damages, adding State Farm Mutual Automobile Insurance Company (State Farm) as a defendant and as their uninsured/underinsured (UM) motorist carrier and alleging that their damages exceeded the underlying policy limits.[2] On April 21, 2016, Ms. Fowler and Progressive were dismissed from the lawsuit.
On August 7, 2017, the trial court held a bench trial on the plaintiffs' remaining claims under their UM policy, after which it took the matter under advisement. On August 25, 2017, the trial court issued its Reasons for Judgment, finding that the plaintiffs failed to prove by a preponderance of the evidence that their chronic pain was aggravated by the motor vehicle accident beyond a brief period of time, and, accordingly, the plaintiffs failed to sufficiently prove that any injuries or aggravations caused by the accident were not adequately compensated for by the underlying insurance coverage. The trial court granted judgment in favor of State Farm and dismissed the plaintiffs' claims with prejudice. A judgment to that effect was signed on September 21, 2017, and the plaintiffs have appealed.
DISCUSSION
An appellate court's review of factual findings is governed by the manifest error or clearly wrong standard. The two-part test for the appellate review of a factual finding is: 1) whether there is a reasonable factual basis in the record for the finding of the trial court; and 2) whether the record further establishes that the finding is not manifestly erroneous.
*367 Mart v. Hill, 505 So.2d 1120, 1127 (La. 1987). Thus, if there is no reasonable factual basis in the record for the trial court's finding, no additional inquiry is necessary to conclude there was manifest error. However, if a reasonable factual basis exists, an appellate court may set aside a trial court's factual finding only if, after reviewing the record in its entirety, it determines the trial court's finding was clearly wrong. See Stobart v. State, through Dept. of Transp. and Development, 617 So.2d 880, 882 (La. 1993). The manifest error standard of review obligates an appellate court to give great deference to the trial court's findings of fact. We will not reverse factual determinations, absent a finding of manifest error. Rosell v. ESCO, 549 So.2d 840, 844 (La. 1989).
Moreover, where factual findings are based on determinations regarding the credibility of witnesses, the trier of fact's findings demand great deference and are virtually never manifestly erroneous or clearly wrong. Secret Cove, L.L.C. v. Thomas, 02-2498 (La.App. 1 Cir. 11/7/03), 862 So.2d 1010, 1016, writ denied, 04-0447 (La. 4/2/04), 869 So.2d 889. Even though an appellate court may feel that its own evaluations and inferences are more reasonable than the factfinder's, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Rosell, 549 So.2d at 844. The rule that questions of credibility are for the trier of fact applies equally to the evaluation of expert testimony, including the evaluation and resolution of conflicts in expert testimony. Foley v. Entergy Louisiana, Inc., 06-0983 (La. 11/29/06), 946 So.2d 144, 153.
It is also well-settled that a factfinder is given great discretion in assessing quantum for both general and special damages. LSA-C.C. art. 2324.1 ; Guillory v. Lee, 09-0075 (La. 6/26/09), 16 So.3d 1104, 1116. An appellate court reviews the amount awarded by the factfinder under the abuse of discretion standard. Gaspard v. Southern Farm Bureau Cas. Ins. Co., 13-0800 (La.App. 1 Cir. 9/24/14), 155 So.3d 24, 30. Accordingly, we reject the plaintiffs' argument that the standard of review on appeal is de novo.[3]
The record establishes the following. Mr. Lewis sustained a serious on-the-job injury in 2003, resulting in herniated discs in his neck and back. He was deemed totally and permanently disabled, has never been able to return to work, and receives benefits for his total and permanent disability. Mr. Lewis has not had surgery, but since 2003, he has had a significant medical history for degenerative disc disease and back and neck pain.
After the May 11, 2014 accident, Mr. Lewis sought medical treatment with Dr. Barrett Johnston on May 27, 2014. Mr. Lewis gave a history of the accident to Dr. Johnston and reported back pain. He also reported that he had suffered back pain fifteen years earlier that had resolved. Dr. Johnston's office notes do not indicate that Mr. Lewis told Dr. Johnston about his long-standing complaints of back and neck pain, his herniated discs, or disabilities. Following the visit, cervical and lumbar MRIs were performed, and physical therapy was subsequently ordered. Mr. Lewis attended physical therapy and, after twelve sessions, was discharged on August 18, 2014, about three months post-accident, *368 reporting that he was approximately eighty percent pain free.
At trial, Mr. Lewis testified that he had not returned to his pre-accident condition when he was discharged from physical therapy. However, when reminded of his deposition, he did not dispute his testimony therein that he was back to his pre-accident status upon discharge from physical therapy.[4]
More than a year later, on October 27, 2015, Mr. Lewis went to the Healing Health Center for chiropractic care and medical pain management. Mr. Lewis inaccurately reported that he went to the emergency room after the May 11, 2014 accident and that all injuries suffered from the 2003 work-related accident were resolved. In his deposition, Dr. Samuel Greenberg of the Healing Health Center acknowledged that Mr. Lewis never mentioned that he had degenerative disc disease, herniated discs, or a long medical history of back and neck pain.
Ms. Lewis had a previous medical history of back and hip complaints as well. In 2004, she was treated by Dr. John Walker for back and right hip and leg pain. Ms. Lewis was also treated by Dr. Walker in January of 2005 for right shoulder pain radiating into her lower back and in July of 2007 for right hip pain. Additionally, Ms. Lewis was involved in an automobile accident in August of 2009. In October of 2009, she was treated for complaints of left hip, shoulder, and low back pain. Physical therapy was ordered, and Ms. Lewis continued to complain of low back and hip pain in January of 2010. Further, in September of 2012, Ms. Lewis complained to Dr. Walker of low back pain, due to lifting at work.
After the May 11, 2014 accident, Ms. Lewis, like her husband, first sought treatment two weeks thereafter, on May 27, 2014. She complained of progressive low back pain. Ms. Lewis gave a history of the May 11, 2014 accident to Dr. Johnston and reported no back pain prior to the accident. She made no complaints of neck pain at that time. Medications were prescribed, a lumbar MRI was performed, which showed degenerative changes, and physical therapy was ordered. On August 18, 2014, after twelve sessions of therapy and about three months post-accident, Ms. Lewis was discharged from physical therapy, reporting that she was eighty percent pain free with intermittent discomfort in her low back.
Subsequently, on November 9, 2014, Ms. Lewis sought treatment at the emergency room after a truck backed into the side of her vehicle in a Wal-Mart parking lot. This accident had occurred two days previously. Ms. Lewis complained of low back pain. She then sought treatment with Dr. Walker on December 8, 2014, and again on December 16, 2014, complaining of back and neck pain after the November 7, 2014 accident.
On December 18, 2014, Ms. Lewis returned to Dr. Johnston with complaints of low back and neck pain, and she was referred to physical therapy. Dr. Johnston saw Ms. Lewis again on February 24, 2015, for severe low back and neck pain. Ms. Lewis continued physical therapy, and because of her continuing back pain, another round of physical therapy was ordered. Ms. Lewis returned to Dr. Johnston for low back pain on March 24, 2015, at which time it was noted that Ms. Lewis had been off all medications and therapy prior to the November 2014 accident.
Also like her husband, Ms. Lewis began treatment with the Healing Health Center on October 27, 2015. In his deposition, Dr. Greenberg of the Healing Health Center *369 acknowledged that he was not provided with Ms. Lewis's medical records prior to the May 11, 2014 accident. Ms. Lewis reported that all of her injuries suffered in the May 11, 2014 accident were resolved before the November 7, 2014 accident.
The trial court found that the May 11, 2014 accident aggravated the chronic pain of the plaintiffs for only a brief period of time. Upon our own thorough review of the record, we cannot say that this factual finding was clearly wrong. Based on the entire record, the trial court could have reasonably concluded that the plaintiffs were injured in the May 11, 2014 accident, but not to the extent alleged and that in a few months they had returned to their pre-accident status. The trial court considered the inconsistencies between the plaintiffs' statements about their medical conditions and their medical records. It also considered, but rejected, Dr. Greenberg's testimony that the plaintiffs' current complaints were related to the May 11, 2014 accident. As noted by the trial court, Dr. Greenberg was not made aware of the plaintiffs' prior back and neck complaints, and, when made aware, Dr. Greenberg was vague as to the extent of any aggravation of the prior conditions and duration of any aggravation. Questions of credibility are for the trier of fact, including the evaluation of expert testimony. Foley, 946 So.2d at 153. Thus, the factfinder is not bound by the testimony of an expert. Rather, expert testimony is to be weighed the same as any other evidence, meaning that an expert's opinion may be rejected in whole or in part, and the factfinder may even substitute its own common sense and judgment for that of an expert when such substitution appears warranted on the record as a whole. Richardson v. Bridgefield Cas. Ins. Co., 14-1587 (La.App. 1 Cir. 8/10/15), 181 So.3d 61, 67-68.
The trial court determined that the plaintiffs were adequately compensated by the underlying insurance policy and that their damages were $25,000.00 or less. We find no manifest error or abuse of discretion on the part of the trial court.
CONCLUSION
For the above reasons, we affirm the September 21, 2017 judgment of the trial court. Costs of this appeal are assessed to the plaintiffs, Walter Lewis and Beverly Lewis.
AFFIRMED.

As part of the joint stipulation, the amount of damage to the plaintiffs' vehicle was $1,507.95.

The State Farm UM limits at issue in this matter are $25,000.00 per person and $50,000.00 per accident.

On appeal, the plaintiffs argue that the standard of review is de novo because the trial court committed legal error that interdicted the factfinding process when it determined that the plaintiffs' damages were adequately compensated for by the underlying insurance policy.

Mr. Lewis stated, "I was back to where I was before."